## CHEW v. CHEW.

**Husband and wife:** DEED FROM HUSBAND TO WIFE: FRAUD. A conveyance from husband to wife, in consideration of love and affection, will not be set aside after the divorce of the parties, on the ground that the wife had a husband living at the time of her marriage to the grantor, if he had knowledge of that fact at the time of its execution.

*Appeal from Mahaska District Court.*

WEDNESDAY, JUNE 10.

PLAINTIFF and defendant were married on the 19th day of December, 1866, the plaintiff being seventy-seven and the defendant forty-five years old.

On the first of January, 1870, defendant filed a bill for divorce from plaintiff on the ground of cruel treatment. On the second of February, 1870, defendant in that suit, plaintiff in this, filed an answer denying the allegations of the petition, and cross-bill for a divorce from M. A. Chew, on the ground that at the time of his marriage to her she had a legal husband living.

Afterward it was agreed that M. A. Chew should dismiss her action for divorce, that E. D. Chew should dismiss his cross-petition, that the parties should continue to live together as husband and wife, and that plaintiff should deed defendant the land in controversy.

M. A. Chew dismissed her petition for divorce, and on the 7th day of March, 1870, the plaintiff deeded to her the undivided one-third of sixty acres of land, and two lots in the city of Oskaloosa, reserving to himself a life interest therein.

E. D. Chew did not dismiss his cross-petition, and in October, 1871, he obtained a divorce thereon upon the ground that M. A. Chew had a husband, one Hays, living and undivorced at the time of his marriage to her.

This action is brought to set aside the deed above named. The court dismissed the petition. Plaintiff appeals.

*J. A. L. Crookham*, for appellant.

*John F. Lacey*, for appellee.

DAY, J.—The deed is made upon consideration of love and affection. The interest conveyed is simply that which defendant would be entitled to as dower.

HUSBAND AND
WIFE: deed:
fraud.
Plaintiff seeks to avoid this deed on the ground of fraud and mistake. He claims that he did not know of the marriage of defendant to Hays until he filed his cross-petition in the divorce suit.

The evidence, we think, quite clearly shows that he was advised of such fact, not only by the defendant, but by other parties.

Plaintiff testifies that at the time he executed the deed, defendant said Hays was dead. But it does not appear she said he was dead at the time of their marriage. His subsequent death would not affect their legal status. It would not render valid the marriage of his wife while alive.

Hence, if she did say Hays was dead, when the deed was made, the declaration was of a fact not material. Nor does it appear that the plaintiff relied upon, or was influenced by, that statement.

The burden of proof is upon the plaintiff, and he must establish his case by a preponderance of testimony. After a careful review of all the evidence we cannot say that he has shown that he made the deed under misapprehension of any material fact.

AFFIRMED.