## ALTA Z. MILLER v. SAMUEL MILLER, Appellant.

**Husband and Wife:** CONTRACTS BETWEEN. A written obligation for the payment of money given by a husband to a wife in consideration of her joining in a deed and conveying her contingent interest in the husband's land, is an unenforceable contract, under Code 1873, section 2203.

*Appeal from Plymouth District Court.*—HON. F. R.
GAYNOR, Judge.

SATURDAY, DECEMBER 18, 1897.

THE parties are husband and wife. The defendant
owned certain lands, and, desiring to convey the same
to third parties, agreed with his wife (plaintiff) to pay
to her the sum of two thousand dollars if she would
join in the deed, so as to convey her contingent right.
The conveyance was made, signed by the wife in pur-
suance of the agreement, and she was paid, of the
amount agreed upon, one thousand, five hundred and
ninety-seven dollars; and, for the remainder of the two
thousand, defendant gave to her the following instru-
ment in writing: "Know all men by these presents,
that I hereby agree to pay Alta Z. Miller, within ninety
days from this date, the sum of four hundred and three
dollars; and, in the event I should fail for any reason to
make said payment of said sum promptly when due,
then I agree to secure the payment of said sum by proper
security on the stock of livery this day purchased by me
of Hoyt & Goudie. Dated this first day of February,
1894. Samuel Miller." The defendant refused pay-
ment, and this action is to recover on the written obli-
gation. The cause was submitted to the court on a
stipulation of facts that gave judgment for plaintiff,
and the defendant appealed.—*Reversed.*

*Zink & Roseberry* for appellant.

*I. T. Martin* for appellee.

GRANGER, J—There are few, if any, important facts,
other than those above stated. It appears that the
parties, though husband and wife, at the time of the
commencement of the action, and now, are living apart

from each other. It also appears that plaintiff refused to join in the conveyance unless the defendant would pay her two thousand dollars, and that thereupon the agreement was made to do so, resulting in her signing the deed, receiving the amount stated, and the execu·tion of the written agreement sued on, for which there was no other consideration than her agreement to sign the deed. The defendant was the owner of the land conveyed. The following is section 2203 of the Code of 1873: "When property is owned by either the husband or wife, the other has no interest therein which can be the subject of contract between them, or such interest as will make the same liable for the contracts or liabili·ties of either the husband or wife, who is not the owner of the property, except as provided in this chapter." The section is in the title of the Code designated, "Of the Domestic Relations," and in a chapter thereof devoted to husband and wife. It permits a married woman to own in her own right both real and personal property, and to manage, sell, convey, and devise the same by will, to the same extent and in the same manner that a husband can property belonging to him. Section 2202. It provides that either husband or wife may maintain an action against the other for the possession or control of property belonging to him or her. Section 2204. It provides that the wife alone shall be liable for civil injuries committed by her. Section 2205. It makes conveyances, transfers, or liens executed by one to the other valid, to the same extent as between other persons. Section 2206. The chapter contains other provisions not important to be noticed. It will be seen that the chapter undertakes to define quite particularly the rights of married women as to property owned by them, and what rights the husband or wife has in the property of the other. That the plaintiff in this case had in the property in question but a contingent inter-est, being her distributive share, available to her only

after her husband's death, there is no question. Section 2203, above quoted, says that in such a case she has no interest that can be the subject of contract between herself and her husband. Was this contingent interest the subject of the contract out of which the obligation sued on arose? The question is not debatable. One definition of "subject" is, "That concerning which something is done." The contract was concerning this contingent right. The statute is, that such property cannot be the subject of contract between husband and wife. If the statute means anything, it means that such a contract is void; that it is forbidden. Appellee refers to the extended rights of married women under the statute, in support of the judgment. The statute, as a whole, is both a grant and denial of right. We should, and are disposed to, respect it in all particulars, but no right granted is impaired by the denial of the one we are considering. The statute is preservative in its nature, as to an unmatured right, so that its relinquishment shall be voluntary, in the sense of being uninfluenced by fear, fraud, or promise of reward. As the written obligation has no other consideration for its support than the contract in question, which is forbidden, it cannot be the basis of an action, and the judgment must be REVERSED.