SUSANNA CARUTH, v. W. J. CARUTH, Administrator of the
Estate of ANDREW CARUTH, Deceased; CATHERINE
ALLEN, CALLIE BOWMAN, and EMMA NASER, Ap-
pellants.

**Husband and wife:** SEPARATION CONTRACT: RELEASE OF INTEREST IN
HUSBAND'S PROPERTY. Code section 3154 providing that neither
the husband nor wife has such an interest in the property of
the other that it can be the subject of contract between them,
is in' effect a statute of descent and distribution, and an agree-
ment of the wife upon separation to release, for a consideration
paid, all interest in her husband's property, is void, and will .
not preclude her from claiming her distributive share of his
estate although the agreement may be valid in the jurisdiction
where made and where the wife resided after separation.

*Appeal from Hamilton District Court.*— HON. W. D.
EVANS, Judge.

THURSDAY, APRIL 6, 1905.  ·

ANDREW CARUTH died November 8, 1901, leaving an
estate in Hamilton county consisting wholly of ·personal
property.   The plaintiff was married to him September 20,
1885, and separated from him August 5, 1886.   Some days
later they entered into a contract in which she, in consider-
ation of money paid, promised, among other things, never
to make any claim to any interest in or to the estate of her
husband.   The petition, after reciting the above facts, and
referring to deceased as " late of Hamilton county," offered
to do equity, and prayed for the cancellation of the contract
and for the widow's distributive share in the estate.   The
answer admitted the allegations of the petition, and averred
that the contract was executed in Illinois, and that ever
since its date plaintiff had lived apart from her husband in
that state, and pleaded its statutes, and asked that the pe-

tition be dismissed, and the children of deceased by a former marriage be awarded the property. To this answer plaintiff demurred on the grounds that the contract is void, as pro-hibited by statute, and as contrary to the public policy of this state. The demurrer was sustained, and, as defendants elected to stand on the ruling, decree was entered as prayed. The defendants appeal.— *Affirmed.*

*G. D. Thompson,* for appellants.

*Wesley Martin,* for appellee.

LADD, J.— By the laws of Illinois, the separation con-tract between plaintiff and her deceased husband was valid. *Luttrell v. Boggs,* 168 Ill. 361 (48 N. E. Rep. 171) ; *Crum v. O'Near,* 132 Ill. 443 (24 N. E. Rep. 956). Such agreements were formerly upheld in this state. *McKee v. Reynolds,* 26 Iowa, 578; *Blake v. Blake,* 7 Iowa, 46. See *Foote v. Nickerson,* 70 N. H. 496 (48 Atl. Rep. 1088, 54 L. R. A. 554), for an interesting review of the English and American decisions on the subject; also valuable note to *Baum v. Baum,* 109 Wis. 47 (85 N. W. Rep. 122, 52 L. R. A. 650, 83 Am. St. Rep. 859). But for the influence of a statute to be quoted, the plaintiff would not be per-mitted to share the estate of her deceased husband, with whom she had lived less than a year, and from whom she had separated herself for more than fifteen years. *Hilbish v. Hattle,* 145 Ind. 59 (44 N. E. Rep. 20, 33 L. R. A. 783) ; *Scott's Estate,* 147 Pa. 102 (23 Atl. Rep. 214) ; *Gar-ver v. Miller,* 16 Ohio St. 527; *Aspey v. Barry,* 13 S. D. 220 (83 N. W. Rep. 91) ; *McBreen v. McBreen,* 154 Mo. 323 (55 S. W. Rep. 463, 77 Am. St. Rep. 758). Section 3154 of the Code, however, declares that " when property is owned by the husband or wife the other has no interest therein which can be the subject of contract be-tween them." This statute has been repeatedly construed

so as to give effect to its manifest meaning.   See *Linton v. Crosby,* 54 Iowa, 478; *Miller v. Miller,* 104 Iowa, 186; *Garner v. Fry,* 104 Iowa, 515; *Sawyer v. Biggart,* 114 Iowa, 489; *Newberry v. Newberry,* 114 Iowa, 704; *Poole v. Burnham,* 105 Iowa, 620.   The last case is directly in point, holding that an agreement of either husband or wife not to claim his distributive share, as surviving spouse, in the estate of the other, is within the prohibition of the statute and void.   Indeed, it is difficult to view this statute in any other light than as a statute of descent and distribution. During life either may dispose of his personalty without let or hindrance of the other.   *Samson v. Samson,* 67 Iowa, 253.   The inchoate interest of one in the realty of the other ripens into a fee only by death.   Not until the life of the owner has departed can it be material whether the interest of either husband or wife in the property of the other has been divested, and then only to determine upon whom the descent is cast, or to whom distribution shall be made.   This statute, in declaring that the interest of the one in property of the other cannot be the subject of contract between them, in effect directs distribution regardless of any such contract, and, as said, is a statute regulating the descent and distribution of property.   The controlling question presented, then, is not whether a contract valid in Illinois will be enforced here, but whether the estate of the deceased shall be distributed according to the laws of this state.   The domicile of the intestate was here, and therefore the *situs* of his personal property.   The doctrine that succession to movables is governed by the law of the actual domicile at the time of death is now well settled.   Story on Conflict of Laws, section 481; Dicey on Conflict of Laws, 677; Minor on Conflict of Laws, sections 139, 141; *In re Gable,* 79 Iowa, 178.   It follows, as a necessary conclusion, that the plaintiff was rightly awarded her distributive share in the estate.— *Affirmed.*