Ellen Kinkead, Appellee, v. R. M. Peet et al.,
Appellants.

**Removal of causes.** Refusal to transfer a law action to the equity
1  docket before answer because of the pendency of another action
in equity is not erroneous, where one of the parties in the law
action has no real interest in the other action and the merits
of the controversy involved therein cannot be investigated in
the law action.

**Best evidence.** Where the pendency of an action is pleaded the
2  papers and files in the case are the best evidence of that fact,
and are admissible.

**Oral evidence:** VARIANCE OF WRITING. Under a proper pleading the
3  consideration upon which an instrument is founded is the sub-
ject of oral inquiry, and the objection that such evidence tends
to vary the terms of the writing is not tenable.

**Contracts:** CONSIDERATION. Every valid contract must be supported
4  by a consideration, which may consist either of a benefit mov-
ing to the promisor or a detriment agreed to be suffered by
the promisee. In the instant case a wife's release of her in-
terest in her husband's property is held sufficient to support
the agreement of a mortgagee to pay her a stipulated sum.

**Divorce:** AGREEMENT FOR DIVISION OF PROPERTY. The parties to an
5  action for divorce and alimony may make a valid agreement
between themselves as to a disposition of their property.

**Correction of sealed verdict.** After return of a sealed verdict the
6  court may reconvene the jury and order a correction of the
verdict in a matter which is not prejudicial to either party.

*Appeal from Linn District Court.*— Hon. W. G. Thomp-
son, Judge.

Saturday, March 9, 1907.

Rehearing Denied, Monday, December 16, 1907.

The opinion states the case. From a verdict and
judgment in favor of plaintiff, the defendants appeal.—
*Affirmed.*

*Jamison & Smyth,* for appellants.

*Voris & Haas,* for appellee.

BISHOP, J.— At the time of the happening of the matters involved in this controversy, plaintiff was the wife of C. H. Kinkead. Said C. H. Kinkead was the owner of a farm in Linn county, consisting of two hundred and seventy-six acres, and considerable personal property situated thereon; also a house and lot in the town of Springville, said county. The farm was incumbered by two mortgages — one to secure $13,000, and held by the defendant R. M. Peet; the other to secure $9,000, given to the defendant J. K. Hakes, but held by the defendant Peet as security for an indebtedness due him from Hakes. This mortgage had been satisfied in part by payments made on the indebtedness. The Springville property was incumbered by a mortgage to secure $350. Prior to November, 1904, plaintiff and her husband had separated, and she was living with her children in the Springville property, while he remained upon the farm. About November 1, 1904, plaintiff commenced an action against her husband for a divorce, and for the custody of her children, and alimony, and, in connection with such action, a writ of attachment was caused to be issued, and thereunder the sheriff of the county levied upon and took into his possession all the personal property of the husband situated upon the farm.

It is the fact contention of plaintiff that with matters standing as thus outlined above an understanding was reached as between herself and husband respecting the share in the property to which she was entitled, and this is alleged to be the Springville property, subject to the mortgage resting thereon, and $3,000 in cash to be derived from a sale of the attached personal property and the farm. And it is her allegation that on November 18, 1904, the defend-

ants came together to her home in Springville, and represented that they desired to obtain title and possession of the farm without the expense and loss of time incident to foreclosure; and they proposed that if she would release the attachment in her favor, and join with her husband in a deed of the farm and a bill of sale of the personal property to the defendant Peet, he (said Peet) would proceed to sell off the personal property and apply the amount realized therefrom on the farm mortgage indebtedness, and that on or before March 1, 1905, he would make sale of the farm, and, after satisfying the mortgage indebtedness still remaining unpaid, he would pay over to her the sum of $3,000, being the amount representing her interest in the property as arranged between herself and husband. That said defendant then further agreed with plaintiff that if for any reason said farm should not be sold by March 1, 1905, they (the said defendants) would pay to her in cash the full sum of $3,000. Plaintiff says that she accepted said proposal and agreement, and joined in the execution of the deed and bill of sale as therein contemplated. And she says that on the date fixed by the agreement — said Peet not having sold the farm — she requested payment of the defendants which was refused. This action was accordingly begun; the petition being filed March 14, 1905. On April 14, 1905, the defendant appeared and before answer filed, moved the court to transfer the cause to equity, and this on two grounds: (1) For the reason as stated that C. H. Kinkead had commenced and there was then pending in said court an action " to have the deed and transaction set aside, and said Kinkead be granted the right to redeem, and it appears from plaintiff's petition that her right to recover is based upon an alleged verbal agreement between herself and husband, and the issue tendered by the defendants is an equitable answer "; (2) because plaintiff's action " is based upon affirming the transaction between defendants and C. H. Kinkead, and the action of C. H.

Kinkead is based upon a repudiation of said transaction."
This motion was overruled.   On the following day the defendants answered.   In addition to a general denial, they
deny any agreement on their part as alleged by plaintiff,
and assert that the conveyances to Peet were coupled with
no other agreement or condition save that of a grant of the
right to redeem on or before March 1, 1905.   In a separate
division of the answer, defendants set up a pending action
by C. H. Kinkead to set aside the deed to Peet, and making claim to an equitable interest in the farm, and praying in the alternative that if said deed be not set aside that
he be allowed to redeem; alleging that plaintiff's action is
based upon an agreement between herself and husband and
that her claim grows out of the identical transactions involved in the said action of C. H. Kinkead against Peet;
that plaintiff and said C. H. Kinkead make claim to an
interest in said property adversely to Peet.   Upon the facts
as thus stated it is averred that this cause should be transferred to and heard in equity.   The prayer of the answer
is for a dismissal of plaintiff's petition and general equitable relief.   Having now the matters in issue before us,
we shall take up the several contentions for error in the
order in which they are presented.

I.   The ruling upon the motion to transfer to equity
is first complained of.   There was no error.   Plaintiff's
action is one at law pure and simple.   The answer was not
on file at the time the motion was presented and ruled upon, but if the fact were
otherwise the ruling would have been correct.   Plaintiff
had nothing to do with the action of C. H. Kinkead referred to in the answer, nor was she concerned therein
as far as appears.   The merits of that action could not
be investigated in the trial of this action.   Moreover, plaintiff's action was not bottomed upon an agreement between
herself and husband as appellants seem to think.   And of
this more in the further course of the opinion.

1. REMOVAL OF
CAUSES.

II. Numerous rulings on evidence are complained of, and such of these as seem to merit it we shall take notice of. The papers in the divorce case of *Kinkead v.*

2. BEST EVIDENCE. *Kinkead* were allowed in evidence for plaintiff over the objection of defendants. This was not error. Plaintiff had pleaded the pendency of that action and the attachment proceedings incident thereto as among the facts leading up to and entering into the consideration for the agreement sued upon. In the face of a general denial she was put to proof. Addressed to such issue the original files constituted the best evidence.

Over objections, C. H. Kinkead as a witness for plaintiff was allowed to testify to a conversation with Peet and Hakes concerning a disposition of the real and personal

3. ORAL EVIDENCE: variance of writing. property to meet the mortgage and indebtedness; also to the arrangement between himself and plaintiff under which she was to be allowed $3,000 and the Springville property. Defendants also objected to the recital by plaintiff and two of her children as witnesses, respecting the conversation had between herself and the defendants leading up to her execution of the deed and bill of sale. It is the argument that the instruments so executed became the sole repository of the terms and conditions of the contract, and the effect of the evidence objected to was to work a variance. The argument is without force. Plaintiff was not seeking to vary the terms of the writings or to destroy the force thereof as written. She was attempting to establish an oral agreement that had to do only with the consideration upon which she executed such writings. Under proper issues, the element of consideration is always open to inquiry and oral evidence is proper to that end. This is too well settled to be open to controversy.

Plaintiff was allowed to introduce several items of evidence in rebuttal of which complaint is now made. Without going into details, it is sufficient to say that we

have examined the record as to each of such, and conclude that while some of the rulings were erroneous, there was none of sufficient gravity to work a reversal of the judgment.

III. At the close of the evidence for the plaintiff, the defendant Hakes moved for a directed verdict in his favor upon the grounds: First, under the agreement relied upon by plaintiff the property in question

**4. CONTRACTS: consideration.** was to be conveyed to Peet alone, and it does not appear that this defendant was to or did receive any portion thereof; second, the contract upon which plaintiff sues is based upon an alleged agreement between plaintiff and her husband for the payment to her of $3,000 in consideration of her dismissal of divorce proceeding, and it appears that plaintiff had no interest in the property to which the agreement had relation except a contingent dower interest, wherefore the contract between herself and husband was void; third, the evidence was insufficient to warrant an adverse verdict. The motion was overruled, and we think properly so. The evidence for plaintiff tended to show that the agreement alleged was the agreement of both defendants. Now, we agree, of course, that every contract must be supported by a consideration. That is fundamental in the law of contracts. And the consideration may consist either of a benefit moving to the promissor or a detriment agreed to be suffered by the promisee. Here there was both. As shown by the evidence, Hakes was indebted to Peet, and Peet held, not only Hakes' obligation therefor, but, as security, he held the mortgage on the farm executed to Hakes by Kinkead. Under the arrangement, Peet, upon receiving the deed and bill of sale, was to relieve Hakes of his obligation, or at least, make an adjustment thereof. So, too, in virtue of the promise to her, plaintiff signed away her dower interest in the land, and not only released her attachment on the personal property, but joined in a

bill of sale thereof.    It is not possible to conclude otherwise
than that the consideration was sufficient.

Coming to the second ground, we repeat that the agree-
ment sued upon was not one between plaintiff and her hus-
band.    The previous talk between plaintiff and her hus-

5. DIVORCE:          band was in view of the pending divorce case,
   agreement         and had reference only to what should be al-
   for division
   of property.     lowed her as her share of the property.    Some-
thing was said about dismissing the attachment to allow him to
deal with the property, but it does not appear that any men-
tion was made of a dismissal of the petition for divorce.
That parties to an action for divorce and alimony may agree
between themselves as to the disposition which shall be made
of their property affairs has frequently been held.    *Blake v.
Blake,* 7 Iowa, 46; *Martin v. Martin,* 65 Iowa, 255; *Nieu-
kirk v. Nieukirk,* 84 Iowa, 367.    But the agreement of de-
fendants, if such there was, had relation to the arrangement
between plaintiff and her husband only in the sense that the
amount agreed upon corresponded to the amount conceded by
plaintiff's husband to be her fair share of his property.    To
a state of facts as thus presented the cases of *Miller v. Mil-
ler,* 104 Iowa, 186, and *Caruth v. Caruth,* 128 Iowa, 121,
relied upon by appellants, have no application.    It follows
that the ruling complained of was correct.

IV.    It seems that upon the submission of the case to
the jury there was an agreement for a sealed verdict.    After
the verdict was agreed upon and sealed up, the jury sepa-

6. CORRECTION OF     rated but were in court the next morning.
   SEALED VERDICT.   On opening the verdict, it was found to be
for plaintiff for $3,000 " and the Springville property."
The court thereupon called the jury into the box and in-
structed them to retire and correct their verdict by striking
out the reference to the Springville property.    This is com-
plained of as error.    As defendants could not have been
prejudiced by what was so done, there is no merit in the

complaint.  *Rowell v. Williams,* 29 Iowa, 210; *Wright v. Wright,* 114 Iowa, 748.

Other errors relied upon and discussed in argument are either disposed of by what has already been said or are without merit.   The evidence warranted the verdict; and, as no reversible error appears, the judgment should be, and it is *affirmed.*