SUSAN HARMAN, Appellee, v. ESTATE OF BENJAMIN J. HARMAN, Appellant.

Husband and wife: GIFTS: CONSIDERATION. A transaction between husband and wife, although in the nature of a gift or contract between them, is enforceable, in the absence of fraud or conditions which would render it void. Thus a promissory note payable out of the husband's estate and voluntarily executed and delivered to the wife was not void for want of consideration, although given for services performed by the wife prior to marriage and notwithstanding the provision of an antenuptial contract expressing full satisfaction for such service; as it was competent for the husband after marriage to further compensate her for the service by giving her an interest in his estate.

*Appeal from Wapello District Court.*—HON. F. M. HUNTER, Judge.

TUESDAY, OCTOBER 20, 1914.

PROCEEDING to establish against the estate of Benjamin Harman a claim based upon a promissory note given by him to his wife. From an order establishing the claim this appeal is taken.—*Affirmed.*

*Steck & Steck,* for appellant.

*W. W. Epps,* for appellee.

WITHROW, J.—I. The claimant, as the widow of Benjamin Harman, deceased, filed her claim against his estate, based upon a promissory note executed and delivered after their marriage, "to be paid when my estate is settled up." The claim was resisted by the administrator; the defense being that the note was without consideration, and that the signature to it was obtained by fraud and undue influence of the claimant. It also is averred that it is claimed by Mrs. Harman that the note was given for work and labor done by her for decedent prior to their marriage, and that there was no other consideration for it, and that the consideration as claimed was fully and finally discharged before marriage. The trial court established the claim, and the administrator appeals.

II. On and prior to April 17, 1905, Susan Lewis, then unmarried, was employed as housekeeper by Benjamin J. Harman. On that date an antenuptial contract was entered into between the parties, the terms of which, so far as relevant to this case, were as follows:

As a part of this contract, and in consideration of its terms, the party of the second part hereby acknowledges full satisfaction of all claims she has or could make against the party of the first part on account of services performed by her for him as housekeeper, from the time she commenced to serve him in that capacity to the present time, and also on account of services that she may hereafter perform as housekeeper until their marriage.

October 10, 1903, Mr. Harman had executed his will, in which he made provision that, in consideration of her services as housekeeper for him in the past, and for such services as she would so render in the future, if she remained with him, Mrs. Lewis should receive one-sixth of his net estate. Contemporaneously with the execution of the antenuptial contract Mr. Harman added a codicil to his will revoking the provision above referred to, reciting that the contract was in lieu of such. On that day the parties were married.

III. The note which is the basis of the claim was executed

March 31, 1908. There is no evidence to support the charge that it was procured by fraud and undue influence. The sole question in the case is whether the note was without consideration, and therefore, as claimed by appellant, not enforceable against the estate.

In another action, the testimony in which, in part, was introduced by the appellant and used in this hearing, Mrs. Harman testified that the note was given to her by her husband after they were married, and was for work she had done for him prior to their marriage. From this proof in connection with the provision of the antenuptial contract it is claimed that the consideration upon which the note now rests was a claim fully settled by that instrument.

Were this a proceeding to establish against the estate a claim for services as housekeeper, there would be no doubt of the correctness of the contention; but, based, as it is, upon a promissory note voluntarily given, the signature to which was fully proven, a different question arises. It cannot be doubted that a transaction between husband and wife, which is in the nature of a gift, or a matter of contract between them, is, in the absence of fraud or like conditions which would vitiate it, an enforceable one. The rule of the common law that a gift of personal property from husband to wife was void was based upon the fact that the title to all such property held by either was vested in the husband. In these later days, when the right of each to hold and manage their separate estate is recognized by statute, that rule is without application. 21 Cyc. 1294; *Abegg v. Hirst,* 144 Iowa, 196.

The rule is recognized in *Baird v. Connell,* 121 Iowa, 278. The note which was given by the husband to the wife was property, the possession and right to which were vested in her upon delivery, subject, of course, to all proper defenses; and while made payable out of his estate, it was upon its receipt by her a present and existing property right. In the early case of *Graff v. Shannon,* 7 Iowa, 508, it was held that a promissory note was personal property and the subject of replevin; and

later, in *Savery v. Hays,* 20 Iowa, 25, that the same right existed even when the note had been paid. The rule is so well settled that later citations sustaining it are unnecessary.

IV. While in another case the claimant testified that the consideration of the note was services rendered prior to her marriage with decedent, and while the antenuptial contract in express terms acknowledged full satisfaction of her claim for such services, these facts do not necessarily operate as a bar to the present claim. This for the reason that it was entirely valid for the husband after their marriage by gift to her to dispose of a right in his estate additional to that covered by their contract; and, even if the basis of his act was a desire to give to her greater compensation for services rendered by her as his former housekeeper, as a moral obligation to so do, such would not lessen the rights of the donee in the gift, in a transaction voluntarily had, and free from influences or causes which would charge it with suspicion.

We think the trial court was right in establishing the claim.—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.