SARAH ANNA PAUP, Appellant, v. SHELBY COUNTY STATE BANK OF HARLAN, Executor, et al., Appellees.

**HUSBAND AND WIFE:** Contracts and Conveyances—Adjustment of Dower. Contracts and conveyances between a husband and wife which, *in truth and in fact,* constitute an attempt to adjust, in whole or in part, the expected distributive share or dower of the wife, will not be rendered legal by the fact that such transactions were carried out by the husband in order to induce the wife to renew interrupted marital relations.

*Appeal from Shelby District Court.*—EARL PETERS, Judge.

MAY 15, 1923.

SUIT in equity, to quiet title to real estate. Petition was dismissed, and decree entered adjudging the title to be in the estate of W. L. Paup, deceased, and that plaintiff's only interest in the real estate was her dower interest, as surviving widow of W. L. Paup, deceased. Facts appear in the opinion. Plaintiff appeals.—*Affirmed.*

*D. O. Stuart, Sims & Kuehnle,* and *W. E. Kahler,* for appellant.

*Thomas H. Smith,* for appellees.

ARTHUR, J.—There are no disputed facts in the case. The decision, therefore, on this appeal turns upon the application of the law to the undisputed facts.

Appellant, Sarah Anna Paup, was married to W. L. Paup in 1877, and remained his wife until he died, in November, 1920. This wife and husband lived in Shelby County, Iowa, during the last 25 years or more. Some time prior to July, 1908 (the record does not disclose the exact date), trouble arose between this husband and wife, and they lived apart until about July 17 or 18, 1908, when they resumed living together, and so continued, to the time of the death of W. L. Paup, on November 27, 1920. On July 17, 1908, they entered into an agreement in

writing, whereby W. L. Paup agreed to transfer to Sarah Anna Paup certain real estate, of the value of $26,000, said contract being as follows:

"Now, on this 17th day of July, A. D. 1908, this agreement is entered into in duplicate by and between Sarah Anna Paup and Wm. Leslie Paup, wife and husband, to the following effect, to wit: The said W. Leslie Paup agrees to transfer to the said Sarah Anna Paup, $26,000.00 worth of property, the said property to be chosen by three disinterested parties, Ira B. Overholt to be one of the said parties to act for the said Wm. Leslie Paup, and whoever Sarah Anna Paup shall select be the second party, and these two so selected shall select the third, and when the said parties are so selected they shall make an inventory of the property of the said Wm. Leslie Paup and they shall hear the parties if they have anything to say as to the choosing of the said $26,000 worth of property and then they shall determine what part of the property shall make up the $26,000 aforesaid. The said Anna Paup agrees with the said Wm. Leslie Paup that she will accept the said $26,000 as a part of her share in his property and same shall be accepted as part payment of the same and in case she should hereafter either by suit or decease of the said Wm. Leslie Paup, receive the balance of her share she will credit upon the said share the $26,000 herein provided."

Pursuant to the provisions of the agreement that "three disinterested parties" should be selected to "determine what part of the property shall make up the $26,000 aforesaid," Ira B. Overholt, F. F. Wunder, and Frank Myatt were chosen to and did select property to the amount of $26,000, to be transferred to Sarah Anna Paup. On the following day, July 18, 1908, W. L. Paup conveyed to Sarah Anna Paup, by warranty deed, the property so selected, and the deed was placed of record. Included in the real estate so selected and transferred is the property involved in this action. The date of the instrument does not appear, but from the language of it, we assume that it was concurrent with the contract made July 17, 1908. The parties signed an agreement, as follows:

"In consideration of my wife, Sarah Anna Paup, returning to and living with me again as my wife, thereby condoning past offenses, I hereby promise and agree that I will, in every respect,

conduct myself toward her as a true and loving husband, that I will faithfully and well provide and pay for all living expenses, as well as her own personal expense. That I will treat her, at all times, with consideration and kindness. I ·especially agree that I will not correspond with, show marked attention to, or have any relations with any other woman in any way inconsistent with or contrary to the duty I owe to Sarah ·Anna Paup, my wife, it being mutually understood that in case of any violation of this agreement, the said Sarah Anna Paup, my wife, may take any proceedings she may deem necessary to protect her interests, as though this agreement had never been made, except that the $26,000 which she is to receive by virtue of the annexed agreement is to be applied and credited by her on her share in my property as provided therein.''

On the 20th day of July, 1908, Sarah Anna Paup deeded back to W. L. Paup all of the said property which W. L. Paup had transferred to her by the deed of July 18, 1908. Said deed, among other things, recited:

''The said W. L. Paup is to pay to said Sarah Anna Paup during the period of her natural life the sum of fifty dollars per month commencing on the first day of January, 1909, and to be paid on the first day of each month thereafter as long as the said Sarah Anna Paup shall live and at her death the trust hereby declared is to cease and the burden charged upon said property is released and satisfied. The trust hereby created is irrevocable, except by mutual agreement reduced to writing and signed by them and placed of record for any part or all of said property. It is further provided that in case of the death of W. L. Paup prior to the death of said Sarah Anna Paup that the property hereby conveyed shall revert to Sarah Anna Paup as her absolute property upon proper proof of death established in the probate court of this county and properly certified to the recorder of deeds of this county.''

W. L. Paup died testate, appointing the Shelby County State Bank, of Harlan, Iowa, executor. The will was admitted to probate, and the bank duly qualified as executor. Soon after the death of W. L. Paup, Sarah Anna Paup asserted ownership and the right to possession of the property included in said deeds hereinbefore mentioned, and has been collecting the rental of said

property. She also filed a claim against the estate for $6,500, based on the provisions in the deed wherein she was to be paid $50 a month, claiming that there has only been paid thereon the sum of $900.

In his will, W. L. Paup made devise to appellant as follows:

"I hereby give, bequeath and devise to my beloved wife, Sarah A. Paup, the house where we now reside in Harlan, Iowa, consisting of all grounds, buildings and appurtenances thereto belonging, and in addition thereto the one third in value of all other property of every kind and character that I may own at the time of my death and wheresoever situated, if she shall survive me, the same to be hers absolutely forever, the same to be taken by her in lieu of dower right, distributive share and any and all other claims she may have in or to my estate as my widow or surviving wife."

The widow, appellant, filed her written election to take her distributive share under the statute, rejecting the devise or bequest made to her by the will. The executor and numerous legatees under the will resisted appellant's claim to the property included in said deeds, claiming that the contract and deeds were void. On January 21, 1921, appellant instituted this action to quiet title in her to the property, making the executor, Shelby County State Bank, and all the beneficiaries under the will parties defendant, making some claim to the real estate adverse to the estate and title claimed by plaintiff. The court below dismissed plaintiff's petition, and quieted title in the real estate described in the petition in the estate of W. L. Paup, from which judgment this appeal is taken.

I. It is the position of appellant that the conveyance to her by her husband passed an absolute and valid title to her in the property in controversy; that the title to the property passed by said conveyance absolutely to appellant; and that it is entirely immaterial whether said conveyance was in pursuance of the contract made the day before the deed was executed. It is the position of appellees that said contract and deed made in pursuance thereof were absolutely void, because it was an attempt to deal with the dower interest of appellant in the property of her husband.

Appellant relies for reversal on the propositions that the

deed to her by her husband, W. L. Paup, passed a valid title to her; that it was not a contract in regard to any dower interest or distributive share of the plaintiff in the lands of her husband, forbidden by Code Section 3154; but that it was a conveyance under Code Section 3157, in the nature of a gift from the husband to the wife. Counsel cite, in support of their contentions, *Harman v. Estate of Harman*, 167 Iowa 106; *In re Estate of Rule*, 178 Iowa 184, 190. These cases do not support appellant's contention. It may be conceded, and we so held in the *Harman* case, supra, that "a transaction between husband and wife which is in the nature of a gift, or a matter of contract between them, is, in the absence of fraud or like conditions which would vitiate it, an enforcible one;" and such holding was confirmed in the *Rule* case, supra.

Appellant insists that the deed made in pursuance of the contract transferred the property to appellant as a gift from her husband to her, and as such gift, was valid under the provisions of Code Section 3157, which reads:

"A conveyance, transfer or lien, executed by either husband or wife to or in favor of the other, shall be valid to the same extent as between other persons."

It may be conceded that, if W. L. Paup had conveyed the property to his wife as an unfettered gift, the transaction would not be in violation of Code Section 3154. We cannot agree with counsel for appellant that the transfer of the property described in the contract and deed was a gift, or in the nature of a gift, from W. L. Paup to his wife. The contract determines that question adversely to their contention. The contract does not make a gift of the property from W. L. Paup to his wife, but by its plain terms is an attempt to deal with the inchoate interest of the wife in the property of her husband. The reading of the contract is convincing on this point. The contract says:

"The said Anna Paup agrees with the said Wm. Leslie Paup that she will accept the said $26,000 as a part of her share in his property and same shall be accepted as part payment of the same and in case she should hereafter either by suit or decease of the said Wm. Leslie Paup, receive the balance of her share she will credit upon the said share the $26,000 herein provided."

It is clear that the contract comes within the inhibition of Code Section 3154, which reads:

"When property is owned by the husband or wife, the other has no interest therein which can be the subject of contract between them, nor such interest as will make the same liable for the contracts or liabilities of the one not the owner of the property, except as provided in this chapter."

In many cases, we have construed said statute, among them the following: *Linton v. Crosby*, 54 Iowa 478; *In re Estate of Lennon*, 58 Iowa 760; *Shane v. McNeill*, 76 Iowa 459; *Miller v. Miller*, 104 Iowa 186; *Newberry v. Newberry*, 114 Iowa 704; *Caruth v. Caruth*, 128 Iowa 121; *In re Estate of Kennedy*, 154 Iowa 460. In *Caruth v. Caruth*, supra, in construing Section 3154, we said:

"Indeed, it is difficult to view this statute in any other light than as a statute of descent and distribution. * * * Not until the life of the owner has departed can it be material whether the interest of either husband or wife in the property of the other has been divested, and then only to determine upon whom the descent is cast, or to whom distribution shall be made. This statute, in declaring that the interest of the one in property of the other cannot be the subject of contract beween them, in effect directs distribution regardless of any such contract, and, as said, is a statute regulating the descent and distribution of property."

In *Miller v. Miller*, supra, we said:

"The contract was concerning this contingent right. The statute is that such property cannot be the subject of contract between husband and wife. If the statute means anything, it means that such a contract is void; that it is forbidden. * * * As the written obligation has no other consideration for its support than the contract in question, which is forbidden, it cannot be the basis of an action."

II. Appellant also contends that the deed should be upheld as an absolute conveyance, because there was an additional and valuable consideration for the conveyance in the resumption of marital relations between the husband and wife, and cites in support of such position *Chew v. Chew*, 38 Iowa 405; *Fisher v. Koontz*, 110 Iowa 498. Such contention is not well founded. In

the *Chew* case, the deed upheld was a conveyance from the husband to the wife, given in consideration of dismissal by the wife of a proceeding for divorce. In the *Fisher* case, after the death of Fisher, his widow sought to have her distributive share in his property set apart to her. The administrator and heirs in their answer alleged an antenuptial contract, wherein the widow had relinquished her right to any interest in the property. In reply, the widow averred that the antenuptial contract was procured by fraud; and further, that it had been forfeited by cruel and inhuman conduct on the part of her deceased husband; and further, that the contract had been canceled by a postnuptial agreement. We reversed the lower court, and held that the antenuptial contract had not been canceled or forfeited, holding that, "if the deceased was guilty of cruel and inhuman conduct, his offense had been entirely condoned by the plaintiff," and that the condonement was not such a consideration as would support a postnuptial contract, canceling the antenuptial contract. In discussion of this question, it was said:

"The discontinuance of a meritorious suit for a divorce, and the resumption of the married relations, has been held [by other courts] a sufficient and valid consideration for a conveyance of land or promise to pay money. * * * Whether a return of the wife, after separation, on sufficient cause, where no action for divorce is pending, is a good consideration, such as will support an agreement to pay money, has not been settled."

There was no divorce proceeding instituted by the wife in the instant case. Whether condonement of any acts on the part of her husband and resumption of the marital relation constituted any part of the consideration of the contract, was not made an issue in this cause by the pleadings or the evidence. No claim was made in the pleadings that any divorce action was begun, and no claim was made that there existed meritorious grounds for divorce, and no claim was made that appellant refrained from instituting divorce proceedings because of the conveyance. The contract is the only evidence as to the consideration for the conveyance. The memorandum agreement, although made concurrent with the contract, was separate and distinct from the contract. It was an agreement signed by itself. The convey-

ance of the property in no way entered into this agreement. The agreement states its own consideration. It says:

"In consideration of my wife, Sarah Anna Paup, returning to and living with me again as my wife, thereby condoning past offenses, I hereby promise and agree that I will, in every respect, conduct myself toward her as a true loving husband, and will faithfully and well provide and pay for living expenses, as well as her own personal expenses," etc.

Said agreement excludes the thought that Paup was conveying to plaintiff $26,000 worth of property in consideration of appellant's resuming the marital relation with him. Likewise, the contract for conveyance of the property by Paup to his wife states the consideration for such conveyance, and the only consideration therefor, in this language:

"The said Anna Paup agrees with the said William Leslie Paup that she will accept the said $26,000 as a part of her share in his property, and same shall be accepted as part payment of the same and in case she should hereafter either by suit or decease of the said William Leslie Paup, receive the balance of her share, she will credit upon the said share the $26,000 herein provided."

III.    The defense of estoppel was also set up in the answer, that the taking possession of the property by appellant, since the death of her husband, under the deeds, the collecting and receiving of the rents therefrom, and the claiming of the fruits of said contract, estopped her, by reason thereof, and because of her having elected to take her distributive share in his estate, rather than to take the devise to her under the will, "from doing other than having the $26,000 in property so selected and conveyed to her, as alleged under said agreement, and especially the property the subject of this action, if the title thereto be confirmed in her, credited upon her distributive share or dower interest in said estate, and treated as an advancement or part of her distributive share of said estate."

Since we hold that the contract and deeds were void, as being in violation of Section 3154 and of our holdings in construing said statute, it is not necessary to consider the defense of estoppel.

The decree and judgment of the court below are—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.