Dixie BOWMAN, Appellee,

v.

Cynthia BENNETT et al.,
Defendants-Appellees,

and

James E. Bennett et al.,
Defendants-Appellants.

No. 2–57969.

Supreme Court of Iowa.

Feb. 16, 1977.

H. A. Stoebe, Humboldt, for appellants.

Boyle, Schuler, Oltrogge & Stanton, Clear Lake, for plaintiff-appellee.

R. L. Hudson, Pocahontas, for defendants-appellees.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and REYNOLDSON, JJ.

RAWLINGS, Justice.

Action by plaintiff, Dixie Bowman (Dixie), to partition real property, the record titleholder and possessor thereof being defendant, James E. Bennett (James), all other defendants being contingently interested. We reverse.

Prior to 1966, Dixie and James were married. They resided on a 160 acre Pocahontas County farm described as the. Northwest Quarter of Section 11, Township 93 North, Range 31 West of the. 5th P.M. These parties are the parents of defendants Cynthia, Allen, Jane, Jerry and John Bennett.

In June 1966, Dixie and James were divorced. A predecree stipulation, executed by them, states, inter alia, Dixie "shall have and retain her statutory one-third interest in said real estate". This stipulation was approved by the court and incorporated in the decree "as though set forth herein. verbatim".

Trial court instantly determined plaintiff, Dixie Bowman, holds · an undivided one-third interest in the above described farm and ordered partition by public sale.

Defendants James E., Wesley, and William Bennett appeal. These are the issues thereupon stated as raised:

1. Does the entire record herein, which depends upon the ambiguity alleged to exist in a former court decree, present the required degree of proof to permit the partition of real estate based thereon?

2. Does the intent of the parties to a stipulation in a divorce, which stipulation is incorporated by the decree of the court by reference have any binding effect upon the construction of said decree after the same is entered?

3. May a partition suit be maintained where the plaintiff is the owner of less than a fractional interest as tenant in common and of such nature as to entitle the plaintiff to present possession as such?

4. Can legal title held by an owner in possession be set aside or burdened with an implied or resulting trust except upon clear and satisfactory proof; and if the testimony fairly construed is consistent with any reasonable theory which will· allow legal title to stand, will such trust or hostile title be declared? Is a mere preponderance of the evidence sufficient to meet the burden of proof of a party who would claim hostile and adverse to legal title?

5. In partition may the plaintiff rely upon an alleged weakness in·· the defendant's title, or must the plaintiff prevail only upon the strength of her own title?

6. Is the contingent right of dower of a spouse such as constitutes a present fractional interest as a tenant in common entitling the claimant to present possession thereof of such nature as will support an action in partition?

7. Is a litigant entitled to have his alleged rights adjudicated more than once by the court by alleging· that he did not understand the decree in the original adjudication?

8. Is appointment of attorney for one of the parties in partition as referee, and the appointment of counsel of record for another of the parties as attorney for the referee, ex parte, proper in partition or does not the same create a possible conflict of representation?

■ I. Our review is de novo. The above stated issues . will be considered en masse. See *Spies v. Prybil*, 160 N.W.2d 505, 507 (Iowa 1968);· *Tamm; Inc. v. Pildis*, 249 N.W.2d 823 (Iowa 1976); Iowa R.Civ.P. 270, 334, 344(f)(7).

II. As previously noted, Dixie and James entered into a predivorce stipulation. It states, in relevant part:

"That this stipulation entered into by and between the parties to the above entitled action which is pending in the above entitled court as equity No. 12,284, is made subject to the approval of the above entitled court, and in consideration of the mutual agreements hereinafter stated, the parties hereto stipulate and agree as follows:

"1. That the provisions of this Stipulation shall be effective only in the event that a Decree of Divorce is granted and entered by the Court, to the plaintiff, *and the parties hereto hereby request the Court to make this stipulation a part of said decree.*

" * * *

"4. That the defendant now holds the record title to the Northwest Quarter of Section 11, Township 93 North, Range 31 West of the 5th P.M., Pocahontas County Iowa, subject to an existing first mortgage thereon in the original principal sum of $12,000.00; that said real estate shall not be sold without the written consent of the plaintiff, and that said real estate shall not be mortgaged, except to refinance the aforesaid existing mortgage on said real estate, without the plaintiff joining in said mortgage; *it being expressly understood and agreed between the parties hereto that the plaintiff shall have and retain her statutory one-third interest in said real estate*, and that in the event of the death of the defendant the above named children shall have the remaining two-third interest in said real estate; and that the plaintiff joining in a deed of conveyance of said real estate, or joining in mortgage encumbrance on said real estate, shall be the evidence of her consent to either a conveyance thereof or the mortgaging thereof." (emphasis supplied).

■ In accord with request made by the parties thereto an executed copy of the stipulation was attached to and by reference made a part of the decree as though set forth therein verbatim. Thus the stipulation became a part of the official record. This means, absent any expression in the stipulation to the contrary, it merged in and constituted an operable part of the decree, even though embodied therein by reference. See *Belding v. Huttenlocher*, 177 Iowa 440, 447–448, 159 N.W. 191 (1916); *McNelis v. Bruce*, 90 Ariz. 261, 367 P.2d 625, 631–632 (1961); *Flynn v. Flynn*, 42 Cal.2d 55, 265 P.2d 865, 866–867 (1954); *Whitney v. Heublein*, 145 Conn. 154, 139 A.2d 605, 608 (1958). See generally 24 Am.Jur.2d, Divorce and Separation, §§ 907–909; 27B C.J.S. Divorce § 301(2).

■ Consequently, the stipulation was superseded by the decree. Thus attendant rights or obligations were those imposed by the decree, not the stipulation, and enforceable as such. See *Peters v. Peters*, 214 N.W.2d 151, 157 (Iowa 1974); *Knipfer v. Knipfer*, 259 Iowa 347, 350, 144 N.W.2d 140 (1966); *Glassford v. Glassford*, 76 Ariz. 220, 262 P.2d 382, 385–386 (1953), cited approvingly in *McNelis v. Bruce, supra.*

■ III. In light of the foregoing we are not now concerned with any infirmities which may ordinarily attend a contract involving an inchoate dower right, standing alone. See *Paup v. Shelby County St. Bank*, 195 Iowa 1213, 1217–1218, 193 N.W. 529 (1923); *In re Estate of Kennedy*, 154 Iowa 460, 467–468, 135 N.W. 53 (1912); Code § 597.2. Rather, under existing peculiar circumstances, our task is to interpret the divorce decree issued by Judge Hand. It is susceptible of interpretation on the same basis as other written instruments, the determinative factor being intent of the court as gathered from the decree, and other proper evidence. Effect must be given that which is both expressed and implied. Extrinsic evidence may be received to aid a court in this interpretive process, not to show language used means something other than as stated, but to reveal the true meaning of what is said. See *Peters v. Peters, supra* ; *Sound Storm Ent., Inc. v. Keefe, In and For Fayette Cty.*, 209 N.W.2d 560, 566 (Iowa 1973).

What then did the court mean by the controverted portion of the aforesaid divorce decree?

IV. By way of exclusion it is first noted the decree-issuing judge, if available, was not called as a witness in the presently involved litigation. Cf. *In re Marriage of Woodward*, 229 N.W.2d 274, 277 (Iowa 1975). Furthermore, there is no scintilla of testimony revealing presentation of evidence or other showing of record that Judge Hand, prior to issuance of the marriage-dissolving decree, was ever advised by Dixie or James, or counsel then representing them, as to their respective thoughts or purposes in executing the stipulation. Therefore, the predivorce views of these parties cannot be imputed to Judge Hand or deemed to constitute his intent or purpose in approving and incorporating said stipulation in the divorce decree. Consequently, the testimony directed to intent of the parties or their attorneys in course of the partition proceeding is extraneous and irrelevant. In other words, we are interpretively confined to the four corners of the divorce decree. See *Cooper v. Cooper*, 158 N.W.2d 712, 713 (Iowa 1968); 49 C.J.S. Judgments § 436.

This discloses James E. Bennett, at all times here concerned, held record title in and to the subject farm. Never was an undivided one-third interest vested in Dixie (Bennett) Bowman. Conversely, by reason of her marriage to James she never held more than an inchoate statutory one-third dower right. See Code §§ 633.210–633.225.

Next, the decree entered by Judge Hand says, in part, "said real estate shall not be sold without the written consent of the plaintiff (Dixie)." Had the court intended to vest an in praesenti undivided interest in Dixie Bennett the "without written consent" terminology would be vacuous because more than mere written consent would be essential to convey merchantable title. See *Ft. Dodge, D. M. & So. v. American, etc., Corp.*, 256 Iowa 1344, 1351, 131 N.W.2d 515 (1964). But cf. Code § 614.15. On the other hand dower, an inchoate right, is generally subject to formal waiver or relinquishment. See Code § 633.238; 2 Patton on Titles, § 593, at 529–536 (2d ed. 1957); Burby on Real Property, § 85, at 190–191 (3d ed. 1965); Marshall, Iowa Title Opinions, § 8.3, at 179 (1963); 25 Am.Jur.2d, Dower and Curtesy, §§ 115–116; 28 C.J.S. Dower, § 65. See generally *Paup v. Shelby County St. Bank*, 195 Iowa at 1218, 193 N.W. 529; Code § 597.2.

Moreover, Judge Hand's decree does not grant to Dixie a present one-third interest of any nature. Rather, the court provided she "shall *have and retain* her statutory one-third interest in said real estate". The foregoing clearly manifests Judge Hand intended nothing more nor less than that the predivorce inchoate dower right held by Dixie Bennett in the above described real estate be preserved, continued and retained by her as a just and equitable admeasurement of property rights. See *Cole v. Cole*, 259 Iowa 58, 60–61, 143 N.W.2d 350 (1966); Section 598.14, The Code 1966; Section 598.-21, The Code 1975.

V. Plaintiff's instant action must fail due to absence of requisite present entitlement to possession of the realty she now seeks to partition. See *Hausen v. Dahlquist*, 232 Iowa 100, 109–110, 5 N.W.2d 321 (1942); *Anderson v. Anderson*, 227 Iowa 25, 36–37, 286 N.W. 446 (1938); 59 Am. Jur.2d, Partition, § 34; 68 C.J.S. Partition § 41. Trial court erred in holding otherwise.

This serves, in effect, to dispose of all issues raised by the appealing parties.

REVERSED.