# IN THE SUPREME COURT OF IOWA

No. 11–0118

Filed February 17, 2012

**IN RE THE MARRIAGE OF KATHRYN JUNE MORRIS
AND DENNIS EUGENE MORRIS**

Upon the Petition of
**KATHRYN JUNE MORRIS,**

Appellant,

And Concerning
**DENNIS EUGENE MORRIS,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Clarke County, Sherman W. Phipps, Judge.

Kathryn Morris appeals the denial of her request for an order requiring Dennis Morris to designate her as the beneficiary of a military retirement survivor benefits plan. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT RULINGS REVERSED; AND CASE REMANDED.**

Anjela A. Shutts of Whitfield & Eddy, P.L.C., Des Moines, and Diana L. Miller of Whitfield & Eddy, P.L.C., Mount Pleasant, for appellant.

John D. Hartung of Hartung & Schroeder, Des Moines, for appellee.

**WATERMAN, Justice.**

This case should serve as a vivid reminder to attorneys practicing matrimonial law to specifically address survivor rights when dividing retirement benefits. The fighting issue here is whether the award of "half of the . . . Marine Corps Retirement" in the parties' stipulated decree of dissolution entitles the nonmilitary spouse to no more than fifty percent of the monthly retirement pay while the retiree lives, without survivor benefits. Trial counsel for Kathryn June Morris (Kathy), the petitioner, and for Dennis Eugene Morris, the respondent, did not expressly address the survivorship rights in their stipulation adopted by the district court in the 2003 decree ending this twenty-three-year marriage. In 2010, new counsel for each party disagreed whether the 2003 decree obligated Dennis to designate Kathy for survivor benefits. Kathy would not receive monthly retirement payments upon Dennis's death without survivor benefits. Kathy filed an application for a hearing to decide the issue. Dennis resisted. The district court denied her relief, and the court of appeals affirmed. On further review, we conclude the district court and court of appeals erred and oversimplified the matter by characterizing the issue solely as a request for *modification* of the 2003 decree. Rather, this dispute should be treated as a request to *interpret* the 2003 decree. Accordingly, we vacate the decision of the court of appeals and reverse the 2010 rulings of the trial court. We remand the case for the district court to determine its intent as to survivorship rights when it entered the decree in 2003.

## I. Background Facts and Proceedings.

Kathy and Dennis were married in the winter of 1980 in Cedar Rapids, Iowa; the bride was age twenty and groom age twenty-two.

They had three daughters while Dennis served in the Marine Corps all but one or two years of their twenty-three-year marriage. Nearly all of Dennis's Marine Corps retirement benefits accrued during their marriage. Dennis had the right to participate in the military's survivor benefit plan (SBP) pursuant to 10 U.S.C. §§ 1447–1455 (2006).[1] The SBP plan, for a premium, provides monthly payments to the designated survivor after the death of the military retiree. However, during their marriage, the parties decided to forego the SBP benefit because electing that benefit would have reduced Dennis's monthly retirement benefit payment. Instead, Dennis purchased a $350,000 life insurance policy on his life with Kathy designated as the beneficiary. Dennis retired from the Marine Corps late in the parties' marriage.

Kathy filed for divorce in April 2003. That September, the parties signed a ten-page "Stipulation and Agreement" on the terms for ending their marriage. They agreed to joint legal custody of their minor children, with Kathy to have physical care and Dennis to have specified visitation. Dennis agreed to pay specified alimony for five years and child support to the age of eighteen or through high school. Under the heading "**DIVISION OF PROPERTY AND DEBTS**," the stipulation in great detail

---

[1]Through the Uniformed Services Former Spouses' Protection Act (USFSPA), Congress recognized the right of state courts to distribute military retirement pay to a former spouse and provided a method of enforcing these orders through the Department of Defense if the former spouse is awarded a portion of a member's military retirement pay as property in his or her final divorce decree. 10 U.S.C. § 1408(a), (f)(8). As part of its effort to protect former spouses of military personnel, Congress also created the survivor benefit plan. *See* 10 U.S.C. §§ 1447–1455. The legislative history of this statute "reveals that Congress intended to provide state courts with the option of ordering military service members to participate in the [SBP] and to designate a former spouse as beneficiary as part of a divorce agreement." *Matthews v. Matthews*, 647 A.2d 812, 814 (Md. 1994) (citation and internal quotation marks omitted). Under 10 U.S.C. section 1450(f)(4), state courts have the authority "to compel service members to elect . . . certain persons as beneficiaries of their SBP's." *Id.*

awarded each party particular vehicles, farmland, farm products, farm equipment, and other farm-related assets and liabilities. The stipulation further provided:

> 8. **PENSIONS AND TRUSTS:** *Each party shall receive half of the Respondent's Marine Corps Retirement* and any Trans. World Airlines pension received in the future. The Petitioner is awarded $31,500 cash in lieu of any interest she has in the Respondent's United Airlines Directed Account Plan, with the Respondent awarded any remainder. The Respondent is awarded his United Airlines Defined Pension Benefits, while the Petitioner is awarded all proceeds from her interest in the T.A. Cross Trust. The Respondent and Petitioner will split equally any funds in IRA accounts owned by either party.

> 9. **STOCKS, BONDS, MUTUAL FUNDS, LIFE INSURANCE:** The Petitioner is awarded control over the children's mutual funds. The Petitioner and Respondent are awarded equal amounts of the remaining brokerage accounts, bonds (except savings bonds), stocks and mutual funds, which shall be divided immediately upon entry of the decree in such manner as to minimize any tax consequence. Savings Bonds shall be awarded to the parties in whose name the bond is currently in. The Parties are awarded the life insurance policies in the party's name. *[Dennis] shall immediately procure life insurance until age 60 in the amount of $350,000, and each party shall pay half of the monthly premium for $350,000 in coverage, with [Kathy] designated as the primary Recipient and the Parties [sic] current children secondary beneficiaries.*

(Emphasis added.)

The final term of the stipulation states, "This agreement is the entire agreement between the parties and cancels all prior agreements, whether written or oral or implied." The trial counsel for each party signed the stipulation under the handwritten phrase, "Approved as to Form Only."

The stipulation was filed at 2 p.m. on September 18, 2003, with notarized verifications signed by each party. At 2:37 p.m. the same day, the District Court for Clarke County entered a three-page decree of

dissolution that was also signed as "Approved by" Kathy and Dennis and signed as "Approved as to form only" by their respective lawyers. The decree stated the parties' stipulation "has been presented to this Court for its approval, is hereby approved, and the terms, agreements, undertakings and conditions of such Stipulation and Agreement are hereby incorporated in this Decree." The decree expressly entered judgment on "all the terms of the Stipulation." The decree included a finding and conclusion that "[t]he division of marital assets and liabilities and spousal support provisions contained in the parties' Stipulation and Agreement are fair and equitable." Kathy was then age forty-four and Dennis age forty-six.

The parties are now age fifty-two and fifty-four, respectively. Dennis has remarried. Dennis will begin receiving monthly retirement benefits from his Marine Corps pension when he reaches age sixty in May 2017. Kathy will receive half of those monthly payments. However, unless Dennis affirmatively designates Kathy as the survivor under the SBP, the retirement payments to each of them will end upon his death. Federal law permits Dennis to designate a survivor when he reaches age sixty. 10 U.S.C. § 1448(a)(1); *id.* § 12731. If Dennis does designate Kathy as the survivor, his monthly retirement pay would be lowered by approximately 6.5% to cover the premium for the survivor benefits. *Id.* § 1452(a)(1). Kathy has agreed to pay the difference in what Dennis would receive. Under federal law, however, Dennis could designate his new wife as the survivor, which would lower the monthly benefits he is to share with Kathy during his remaining life starting at age sixty. *Id.* § 1448(a). Under that scenario, his designated second wife would get the monthly survivor benefits, even though Kathy effectively pays half the premium.

In March 2010, Kathy filed an application for an order setting hearing, which stated in its entirety:

> 1. On September 18, 2003, this Court entered a Decree of Dissolution of Marriage (hereinafter "Decree"), which approved the Stipulation and Agreement between the parties.
>
> 2. Pursuant to the parties' dissolution decree, "Each party shall receive half of Dennis's Marine Corps Retirement."
>
> 3. Kathy has applied for and received verification on August 18, 2008 that she will receive one-half of the retired pay pursuant to the Uniformed Services Former Spouses' Protection Act.
>
> 4. However, Dennis failed to designate Kathy as the surviving spouse to his military pension. Therefore, upon Dennis's death, Kathy will no longer receive any retirement benefits.
>
> 5. Due to the length of the parties' marriage (23 years) and the fact that Dennis's entire military pension was accumulated during the parties' marriage, it is equitable for Dennis to be required to designate Kathy as the surviving spouse and/or maintain life insurance to insure Kathy receives the retirement following Dennis's death.
>
> 6. A hearing should be set on this Application.
>
> WHEREFORE, Petitioner Kathryn J. Morris prays this Court grant her Application for an Order Setting Hearing. Petitioner prays for any other and further relief as the Court deems just and equitable in the premises.

This application was filed by Kathy's current appellate counsel, who had not represented her in 2003. Dennis also retained new counsel (his current appellate counsel) to file a resistance.

The district court, after an unreported, nonevidentiary hearing, entered a two-page ruling denying Kathy's application, stating:

> The Petitioner in her Application for an Order Setting Hearing (Application), and in her counsel's argument thereon, requests the court to order the Respondent to designate Petitioner as surviving spouse to his military pension. She argues that she is not asking the court to

modify the original Decree of Dissolution (Decree) by making such request but, rather, asking the court to exercise its equitable power to enter an order effectuating a provision of the Decree as contemplated by the parties at the time of stipulating to the provisions of the Decree. The provision she has reference to is paragraph 8, "Pensions and Trust," on page 5 of the Stipulation and Agreement (Stipulation) signed by the parties on September 17, 2003. Said paragraph is a subparagraph under the heading "Division of Property and Debts" (see page 2 thereof).

Subparagraph 12 on page 6 of the Stipulation specifically addresses spousal support as a separate issue.

It is clear that the provision of the Decree and the Stipulation addressing the interest of the Respondent and the Petitioner in Respondent's Marine Corps retirement is a part of the property division and therefore not subject to modification. (*See* Iowa Code sec. 598.21(7)).

On June 28, Kathy filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) to enlarge or amend the district court's findings of fact and conclusions of law. This motion was denied in a ruling filed December 21, stating in pertinent part:

In this Motion the Petitioner specifically asks the court to ". . . vacate or modify . . ." (p. 5(1) of the Petitioner's Motion) certain provisions of the Stipulation and Agreement adopted by the September 18, 2003, Decree, even though the Petitioner has not filed a Petition to Modify. The court has no jurisdiction in this proceeding to modify the Decree or the underlying Stipulation and Agreement entered into by the parties.

In the alternative, the Petitioner asks the court, once again, to exercise its equitable powers to require the parties to abide by the intent of the parties as set forth in what it describes as the unambiguous provisions of the Stipulation and Agreement of the parties re Respondent's Marine Corps pension benefits, which provisions were adopted at the request of the parties, without further clarification, by the September 18, 2003, Decree. It is most likely that if the provisions of the Stipulation and Agreement were clearly unambiguous and required Respondent to do certain acts which he has failed or refused to perform that the Petitioner could have and would have filed an application for rule to show cause. The Petitioner has not done so.

The court declines the opportunity to enlarge or amend its findings of fact and conclusions of law previously entered except to find that the issue which the Petitioner has asked the court to rule on herein is not ripe for ruling in that it asks the court to speculate as to what the facts might be at some future unspecified date. The court cannot do so on the record herein.

Kathy's timely appeal was transferred to the court of appeals and decided by that court on July 27, 2011. The court of appeals correctly observed that "a district court retains jurisdiction after a final order to enforce the judgment, but 'does not have the authority to revisit and decide differently the issues concluded by that judgment.'" (Quoting *Franzen v. Deere & Co.*, 409 N.W.2d 672, 674 (Iowa 1987)). The court of appeals affirmed the 2010 rulings that denied Kathy relief. The unanimous three-judge panel of that appellate court concluded:

> We cannot construe [Kathy's] argument as seeking an enforcement of a judgment already in place, particularly where (1) the parties chose not to participate in the SBP during their marriage, and (2) the SBP remains an option to Dennis.

We granted Kathy's application for further review.

## II. Scope of Review.

We review this marital dissolution appeal de novo. *In re Marriage of Brown*, 776 N.W.2d 644, 647 (Iowa 2009) (reviewing de novo whether district court properly interpreted dissolution decree); *see also In re Marriage of Veit*, 797 N.W.2d 562, 564 (Iowa 2011) (applying de novo review in determining whether QDRO fulfilled terms of dissolution decree); *In re Marriage of Pals*, 714 N.W.2d 644, 646 (Iowa 2006) (" 'A proceeding to modify or implement a marriage dissolution decree subsequent to its entry is triable in equity and reviewed de novo on appeal.'" (quoting *In re Marriage of Mullen-Funderburk*, 696 N.W.2d 607, 609 (Iowa 2005))). The parties agree our review is de novo.

### III. Analysis.

We are asked to decide whether the district court and court of appeals erred in denying Kathy the relief she sought—an order compelling Dennis to designate her as the survivor for his Marine Corps retirement benefits. "A stipulation and settlement in a dissolution proceeding is a contract between the parties." *In re Marriage of Jones*, 653 N.W.2d 589, 593 (Iowa 2002). The parties' stipulation, however,

> is not binding on the court, as the court has the responsibility to determine " 'whether the provisions upon which the parties have agreed constitute an appropriate and legally approved method of disposing of the contested issues.' " Accordingly, if the stipulation is unfair or contrary to law, the court has the authority to reject the stipulation.

*Id.* at 593–94 (quoting *In re Marriage of Ask*, 551 N.W.2d 643, 646 (Iowa 1996)). Consequently, once the court enters a decree adopting the stipulation, "[t]he decree, not the stipulation, determines what rights the parties have." *Id.* at 594 (citing *Bowman v. Bennett*, 250 N.W.2d 47, 50 (Iowa 1977)). "Therefore, in ascertaining the rights of the parties after final judgment, it is the intent of the district court that is relevant, not the intent of the parties." *Id.*[2]

Both the district court and the court of appeals rejected Kathy's request for relief because they treated it as an attempt to modify the decree's division of property. We agree that a property division generally is not modifiable. Iowa Code § 598.21(7) (2011). Nevertheless, the district court retains authority to interpret and enforce its prior decree.

---

[2]For that reason, we have concluded the intent of the parties and their counsel is irrelevant without a showing their intent was shared with the judge entering the decree that adopted their stipulation. *Bowman*, 250 N.W.2d at 51; *see also Prochelo v. Prochelo*, 346 N.W.2d 527, 529 (Iowa 1984) ("We note parenthetically that it was inappropriate to consider evidence of the parties' private intentions regarding their stipulation.").

*See In re Marriage of Brown*, 776 N.W.2d at 650. The district court and court of appeals short-circuited the matter by characterizing Kathy's claim as a "modification." *See Sieren v. Bauman*, 436 N.W.2d 43, 45 (Iowa 1989) (noting that a party's contention that a judge improperly modified a decree "is simply another way of saying that he believes the judge erred in the interpretation he placed on that decree").

Resolution of Kathy's appeal turns on the disputed issue of whether she is entitled to survivor benefits under the 2003 decree. That begs the question whether survivorship rights were included in that decree's award to her of "half . . . the Marine Corps Retirement." The stipulated decree is ambiguous. If the district court intended the award of "half the Marine Corps Retirement" to include survivorship rights, Kathy is not seeking to impermissibly modify the dissolution decree as Dennis contends. *See In re Marriage of Brown*, 776 N.W.2d at 648 (" 'We . . . expressly recognize the ability of a party otherwise entitled to a QDRO to obtain one as an aid to enforcing a previously entered judgment.' " (quoting *Rohrbeck v. Rohrbeck*, 566 A.2d 767, 774 (Md. 1989))). We lack a ruling by the district court in this case determining its intent in 2003 as to survivor benefits.

The parties' 2003 stipulated decree divided extensive property holdings accumulated over their twenty-three-year marriage and provided for specified alimony, child support, and visitation. Negotiation of stipulated decrees of dissolution involves give and take. The provisions of the decree presumably are interrelated. We know from the record that during their marriage the parties chose to purchase a $350,000 life insurance policy to pay Kathy that amount upon Dennis's death, in lieu of his designation of her as the survivor under his Marine Corps retirement SBP. And, we know that in their stipulated decree, the

parties agreed Dennis would maintain the $350,000 life insurance policy until he reached age sixty—the age Dennis's Marine Corps retirement would begin monthly payments. Their stipulated decree cryptically awards Kathy "half . . . of the Marine Corps Retirement." What we do not know is whether the district court intended the award of half his Marine Corps retirement to include survivor benefits or, instead, simply an equal division of the monthly payments he would receive during his remaining life. There was no trial or evidentiary hearing in 2003, nor is any extrinsic evidence offered to interpret this ambiguous decree.

Other courts in this situation have adopted a default rule by holding that a decree dividing retirement benefits includes survivorship benefits. *See, e.g., Zito v. Zito*, 969 P.2d 1144, 1147–48 (Alaska 1998); *In re Smith*, 56 Cal. Rptr. 3d 341, 349 (Ct. App. 2007); *In re Marriage of Payne*, 897 P.2d 888, 889 (Colo. App. 1995); *Conaway v. Conaway*, 899 S.W.2d 574, 576 (Mo. Ct. App. 1995); *Harris v. Harris*, 621 N.W.2d 491, 498 (Neb. 2001). Several of these courts have allowed postdissolution orders compelling the retiree to designate his former spouse as the survivor to effectuate the division of retirement benefits in the original decree. *Zito*, 969 P.2d at 1147–48; *In re Smith*, 56 Cal. Rptr. 3d at 349. Other courts, however, have refused to allow postdissolution orders awarding a former spouse survivorship rights when the decree does not expressly contemplate the survivorship benefit. *See, e.g., Potts v. Potts*, 790 A.2d 703, 714–15 (Md. Ct. Spec. App. 2002); *Williams v. Williams*, 37 So. 3d 1196, 1202 (Miss. Ct. App. 2009), *aff'd*, 37 So. 3d 1171 (Miss. 2010); *Stiel v. Stiel*, 348 S.W.3d 879, 891–92 (Tenn. Ct. App. 2011).

Kathy invites us to presume the original decree includes the survivorship benefits as part of her award of "half . . . the Marine Corps Retirement." Kathy notes her receipt of monthly retirement payments

that begin in 2017 (when Dennis reaches age sixty) will end upon his death unless he designates her as the survivor. Because Kathy offers to pay the premium (the reduction in the monthly payments upon her designation as survivor), Dennis would see no reduction in his own monthly retirement payments. Under Kathy's interpretation, Dennis cannot designate his current spouse as the survivor. Should he do so, he would unilaterally lower the retirement benefits to be paid to Kathy while he remained alive and, of course, divert the survivor benefits to his current spouse upon his death.

Regrettably, the parties' trial counsel failed to specifically address survivorship rights in the 2003 stipulated decree. We decline to speculate whether the parties might have negotiated a different division of property, for example, in exchange for Dennis's express agreement to designate Kathy as the survivor and, thereby, forfeit his right to designate his current spouse. In our view, the better alternative at this juncture is to remand this action to the district court to determine the court's intent as to survivor benefits in the 2003 decree.

### IV. Appellate Attorney Fees.

Dennis requested an award of attorney fees incurred in this appeal. The court of appeals awarded him $750 in appellate attorney fees. We vacate that award. Following the hearing on remand, the district court shall determine whether to award attorney fees to either party and, if so, the amount to be awarded for fees incurred in this appeal and in the postappeal district court proceedings.

### V. Conclusion.

We vacate the decision of the court of appeals and reverse the 2010 rulings of the district court. We remand this case to district court for further proceedings to interpret the 2003 decree by determining the

court's intent at that time as to the Marine Corps retirement survivorship benefits.  We assess the costs of this appeal equally to each party.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT RULINGS REVERSED; AND CASE REMANDED.**