# IN THE COURT OF APPEALS OF IOWA

No. 13-1888
Filed August 13, 2014

IN RE THE MARRIAGE OF NEWELL JOSEPH SCHMIDT
AND MARSHA GAIL SCHMIDT

Upon the Petition of
NEWELL JOSEPH SCHMIDT,
    Petitioner-Appellant/Cross-Appellee,

And Concerning
MARSHA GAIL SCHMIDT,
    Respondent-Appellee/Cross-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Randy V. Hefner, Judge.

Newell Joseph Schmidt appeals and Marsha Schmidt cross-appeals from the district court's order for spousal support in its decree of dissolution of marriage. Each asserts the district court improperly balanced the relevant statutory factors in crafting its order. **AFFIRMED.**

David A. Morse of Rosenberg & Morse, Des Moines, for appellant.

James V. McKinney of McKinney Law Offices, P.C., Waukee, for appellee.

Considered by Potterfield, P.J., Mullins, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**POTTERFIELD, P.J.**

Newell Joseph Schmidt (Joe) appeals from the district court's order for spousal support issued with its decree of dissolution of his marriage to Marsha Schmidt. He asserts the district court improperly awarded Marsha lifetime spousal support and requests the support order be modified to expire in three years. Marsha cross-appeals the order and requests the support order be modified to increase the amount of her monthly support. We affirm.

### I. Factual and Procedural Background

Joe and Marsha were married on October 25, 1980. Their marriage was dissolved by the district court's decree on October 30, 2013. At the time of the dissolution, Joe was sixty years old and Marsha was fifty-seven. Joe has been continuously employed by the same employer for the duration of the marriage. Marsha, on the other hand, left her career early in the marriage to move with Joe to the Des Moines area when Joe was transferred. She then left her next career to stay home to raise their two children and manage the household. Their children are now adults and have left the home.

Since the birth of their children, Marsha has been sporadically employed in various (usually part-time) positions including work as a retail clerk. She has had trouble performing some of her work duties due to physical ailments, including back surgery, a broken ankle, loss of grip strength in her right hand, and "drop-toe" syndrome. She has actively sought suitable work but has been unable to find full-time employment. Without an employer that will provide her with medical benefits after the dissolution, she will need to pay for medical

insurance out of her own pocket in order to receive ongoing treatment for her physical health issues.

The parties stipulated to the division of all marital assets and debts upon the dissolution of the marriage. Marsha requested a spousal support order from the district court under Iowa Code section 598.21A (2013). Marsha asserted the discrepancy between the parties' respective entitlements to social security retirement benefits, both collecting on Joe's account, necessitated indefinite spousal support.[1] The district court issued a spousal support order under which Joe will pay monthly support in the amount of $1500 per month until November 2018; thereafter $1000 per month until November 2022; and thereafter $500 per month until the death of either party. The order is crafted such that the amount of support will "be decreased as both parties become eligible for social security retirement benefits."

Joe appeals the order, asserting the district court did not properly weigh the assets Marsha received pursuant to the stipulated division of marital property against the need for indefinite spousal support. He requests a modification of the support order to $750-per-month payments for three years. Marsha cross-appeals, asserting the district court did not give sufficient weight to her disparate earning capacity, social security retirement benefits gap, and declining health. She requests a modification of the support order to $2000 per month until November 2022, at which time the payments would be reduced to $573 per

---

[1] Joe will be able to receive $1731 per month in social security benefits if he retires at sixty-two years old, $2350 per month at sixty-six, and $3139 per month at seventy. Marsha will likely receive approximately $1017 per month on Joe's account if she retires at sixty-two years old and $1408 per month at sixty-six and six months.

month for the remainder of her life. Marsha further requests that she be reimbursed for her attorney fees and costs for this appeal.

## II. Scope and Standard of Review

"Appeals regarding the dissolution of marriage are equitable proceedings." *In re Marriage of Schenkelberg*, 824 N.W.2d 481, 483 (Iowa 2012); *see* Iowa Code § 598.3. Our review is de novo. *In re Marriage of Morris*, 810 N.W.2d 880, 885 (Iowa 2012); *see* Iowa R. App. P. 6.907. "A trial court has considerable latitude when making an award of spousal support." *Schenkelberg*, 824 N.W.2d at 486. "Therefore, we will only disturb the trial court's award of spousal support if it fails to do equity between the parties." *Id.*

## III. Discussion

"Alimony is not a matter of absolute right, but depends upon the circumstances of each particular case." *In re Marriage of Hansen*, 733 N.W.2d 683, 704 (Iowa 2007). "The amount of spousal support is always calculated equitably based upon all of the [statutory] factors." *Schenkelberg*, 824 N.W.2d at 486. Those factors include the length of the marriage, the age and health of the parties, the distribution of marital property, the educational level of the parties, the earning capacity and feasibility of self-support of the party seeking alimony, and "other factors the court may determine to be relevant in an individual case." Iowa Code § 598.21A(1). In this case, the district court determined—and we agree—that social security benefits and retirement plans were additional relevant factors. *See In re Marriage of Schissel*, 292 N.W.2d 421, 424–27 (Iowa 1980) (holding that retirement pay is a proper consideration in dissolution actions).

A court may order spousal support for a limited or indefinite period of time. Iowa Code § 598.21A(1). Support can continue beyond the parties' anticipated dates of retirement, and the amount of support can be reduced over time. *In re Marriage of Bell*, 576 N.W.2d 618, 623 (Iowa Ct. App. 1998), *overruled on other grounds by In re Marriage of Wendell*, 581 N.W.2d 197, 200 (Iowa Ct. App. 1998).

The district court's spousal support order was equitable in light of all the circumstances in this case. The court noted the marriage was of a substantial length—thirty-three years. It properly considered Joe's good health and compared it to Marsha's physical ailments, which negatively impact her ability to maintain employment and to become self-sufficient. It acknowledged that the stipulated division of the marital assets was balanced, which weighs in Joe's favor. But it also acknowledged that Marsha's earning potential was significantly lower than Joe's due to her health and her absence from the workforce while she raised the children and managed the household. The record supports the court's finding that "with reasonable effort Marsha should be able to earn $10,000 to $15,000 per year," a significantly lower annual income than Joe's.

The district court properly took the parties' prospective social security benefits into account as well. It crafted its spousal support order to account for Marsha's ability to draw benefits from Joe's social security in the future by decreasing the amount to be paid as each party reaches retirement age and as they are able to rely on their retirement benefits rather than their work income for support. This arrangement equitably alleviates the pressure on Joe to pay larger sums in the future while still providing for Marsha to maintain her quality of life.

The order sufficiently provides for Marsha so as to cover her living expenses and for private health insurance while she searches for employment. It is reasonable to expect that Marsha will be able to arrange for sufficient self-support by November 2018, when the first decrease in support takes effect. She will also be eligible for higher monthly payments from Joe's social security account if she retires in 2018, alleviating the strain of the decrease in support. By 2022, she will be eligible for Medicare prior to the second decrease in support.

The order sufficiently provides for both parties and avoids granting either with an unequitable windfall. In light of Joe's earning capacity, it is reasonable to expect him to pay the assigned amounts. In light of Marsha's current expenses, her future eligibility for social security benefits on Joe's account, and her future Medicare eligibility, the assigned amounts are sufficient for her to maintain her quality of life.

Because we find the district court's spousal support order to be equitable in light of all of the circumstances, we affirm. Each party bears its own attorney fees and costs of this appeal.

**AFFIRMED.**