# IN THE COURT OF APPEALS OF IOWA

No. 18-1415
Filed July 3, 2019

**ANGELA CHAPMAN and KRISTINE FORD,**
    Plaintiffs-Appellees,

**vs.**

**BARBARA BRECHLER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clay County, Don E. Courtney, Judge.

Barbara Brechler appeals from the district court's summary judgment rulings overruling her motion and sustaining the motion of Angela Chapman and Kristine Ford, her deceased husband's daughters. **AFFIRMED.**

Steven R. Postolka and Stephen F. Avery of Cornwall, Avery, Bjornstad & Scott, Spencer, for appellant.

Michael R. Bovee and Jill M. Davis of Montgomery, Barry, Bovee, Steffen & Davis, LLP, Spencer, for appellees.

Heard by Potterfield, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Carl Brechler owned an Individual Retirement Account (IRA). Pursuant to a 2003 decree of dissolution from his wife Donna, he designated his daughters Angela Chapman and Kristine Ford as primary beneficiaries of the IRA.[1] Carl married Barbara in 2004. In 2011, he transferred 54% of the IRA to a new IRA. He designated his daughters as primary beneficiaries of the new IRA and changed the primary beneficiary designation of the original IRA from his daughters to his wife Barbara.

Carl's daughters filed a petition for declaratory judgment against Barbara seeking to invalidate and set aside Carl's designation of Barbara as the primary beneficiary of the original IRA. Following a hearing on dueling motions for summary judgment, the district court sustained Carl's daughters' motion and overruled Barbara's motion, finding the 2003 dissolution decree obligated Carl, by way of his and Donna's voluntary stipulation, to irrevocably designate his daughters as equal beneficiaries of the IRA in question. Barbara appeals that ruling, arguing Carl was permitted to make withdrawals under the stipulation, which was essentially what he did, and Carl's daughters were only to inherit the balance of Carl's retirement account on the date of his death, which they did. Alternatively, Barbara argues Carl's post-dissolution contributions to his retirement account are her and Carl's marital property, and Carl's transfer of funds to a new IRA account for his daughters honored the provisions of his divorce stipulation. Upon our review, we affirm the district court's summary judgment rulings.

---

[1] For the sake of brevity, we will generally refer to Angela and Kristine collectively as Carl's daughters.

### I. Standard of Review.

"A motion for summary judgment is appropriately granted when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Behm v. City of Cedar Rapids*, 922 N.W.2d 524, 542 (Iowa 2019) (quoting Iowa R. Civ. P. 1.981(3)). Our review of a court's summary judgment ruling is for correction of errors at law. *See Morris v. Steffes Group, Inc.*, 924 N.W.2d 491, 496 (Iowa 2019).

### II. Background Facts and Proceedings.

The underlying facts are undisputed. In December 2003, the district court entered a decree dissolving the marriage of Donna and Carl Brechler. The decree accepted and adopted Donna and Carl's stipulation and property settlement, containing the following provision:

> Carl is a participant in a 401(K) Plan sponsored by his employer, . . . which plan had a balance of $124,164.59 as of June 5, 2003 (hereinafter "Carl's 401(K) Plan").
> . . . Carl shall cause the Administrator of Carl's 401(K) Plan to assign to an [IRA] established by Donna (hereinafter "Donna's Rollover IRA"), an amount equal to one-half (1/2) of the balance held in Carl's 401(K) Plan . . . .
> Carl and Donna agree that following the assignment of one-half (1/2) of the balance of Carl's 401(K) Plan to Donna's Rollover IRA, that Carl shall receive the remaining balance held in Carl's 401(K) Plan.
> Carl agrees that he will irrevocably designate [his and Donna's adult children, Angela Chapman and Kristine Ford,[2]] as equal beneficiaries of Carl's 401(K) Plan in the event of Carl's death.

Other provisions of the stipulation adopted by the district court declared that Carl and Donna knew the stipulation's terms and conditions, executed the stipulation

---

[2] Angela was born in 1962 and Kristine in 1967, making them 41 and 36 at the time of entry of the decree.

freely and voluntarily, and would execute any additional documents necessary to effectuate the terms and conditions of the stipulation.

Sometime thereafter, Carl rolled the remaining balance of his 401(K) Plan into an IRA with SEI Private Trust Custody (SEI), account number XXX817. He named his daughters as the primary beneficiaries.[3]

As of February 1, 2011, Carl's IRA account number XXX817 had a market value of approximately $110,000. On February 17, 2011, Carl transferred 54% of the account—approximately $60,000—into a new IRA, account number XXX401. Account number XXX817 had a remaining amount of about $51,000. Carl designated his daughters the primary beneficiaries of the new XXX401 account.

On June 13, 2011, Roger Schulke of Williams & Company Financial Services, LLC drafted a "To Whom It May Concern" letter indicating Carl opened an IRA with Schulke through SEI on February 16, 2011, and that Carl listed his two daughters as equal primary beneficiaries. In September 2011, Carl executed an IRA Beneficiary Designation Form changing the primary beneficiary designation of account number XXX817 from his daughters to Barbara. Carl's daughters were designated as contingent beneficiaries of account number XXX817.

Carl died in 2016. In 2017, Carl's daughters filed a petition seeking entry of a declaratory judgment setting aside and invalidating Barbara as the beneficiary of the IRA account number XXX817.[4] They argued designating Barbara as the

---

[3] No one suggests the roll-over of the 401(K) to the IRA violated the decree.
[4] The administrator of Carl's IRA accounts, HK Financial Services, was also named as a defendant in the suit. The administrator filed a motion for summary judgment, which was not resisted, and the district court granted the administrator's motion and dismissed it from the suit. HK Financial Services is not a party to this appeal.

beneficiary was in violation of the terms of the decree, and they requested the court declare the proceeds of IRA account number XXX817 as their property in equal shares. Barbara admitted she had been designated the beneficiary but denied it was a violation of the decree.

Barbara and Carl's daughters filed dueling motions for summary judgment, each party arguing that there was no material fact in dispute and they were entitled to summary judgment as a matter of law. The daughters argued to the district court:

> Again, Plaintiffs do not seek to recoup distributions [Carl] lawfully took during his lifetime. However, when he moved money from Account No. [XXX]817 to Account No. [XXX]401, he was not taking a distribution, nor was he withdrawing funds. That was a transfer of funds, which itself was not a per se violation of the Stipulation and Property Settlement. It was the act of changing the beneficiary designation that triggered the violation. Had [Carl] simply designated his daughters as equal beneficiaries of the account, he would have been in compliance with the Stipulation and Property Settlement.
>
> There is no dispute that [Account number XXX]817 originated as the 401(k) plan referenced in Section 10 of the Stipulation and Property Settlement, and therefore was acquired during the marriage. If the account balance grew in value subsequent to the divorce, it was either because of contributions made by [Carl], or because the account responded positively to the market. If [Carl] made contributions to that account after his divorce was finalized (even if he used marital funds from his second marriage), it was his choice to do so. The account was nonetheless acquired during the [first] marriage. The Stipulation is silent as to how contributions to the account after the dissolution of the marriage should be handled. Because there is no affirmative provision, there is no authority to justify setting those contributions aside for [Carl]'s second wife. Just as [the daughters] cannot and do not seek to recoup distributions [Carl] took from the account [during his lifetime], they likewise cannot be made to account to [Barbara] for the increased value of the account. And regardless of whether post-divorce contributions were made by [Carl], it does not change the requirement [Carl] voluntarily imposed upon himself, to irrevocably designate[] [the daughters] as the beneficiaries of that account.

The fact remains that [Carl] had no authority to change the beneficiary of the account that originated from his 401(k) retirement plan sponsored by his former employer . . . . He was simply prohibited from doing so by the terms of the Stipulation and Property Settlement.

Following a hearing, the district court entered its ruling sustaining Carl's daughters' summary judgment motion and overruling Barbara's motion. The court first noted:

An IRA does not lend itself to facile labeling. It arguably contains elements of a [Pay-on-Death] account, of a multiple-party account, of a trust account, and even of a life insurance policy. An IRA is a private retirement plan created by Congress in 1974 to allow tax-deferred savings, the balance of which becomes payable to the depositor at a certain age. The IRA depositor may name a beneficiary. The court finds that the scope of the Stipulation incorporated into the 2003 dissolution decree was not limited to the ownership of the retirement accounts but also governed the legal effect upon the designation of beneficiaries to non-probate transfers.

Based upon the language in the dissolution's stipulation, the district court found

Carl voluntarily agreed to make the terms and conditions of the Stipulation mandatory. The Stipulation obligated Carl to irrevocably designate his daughters as equal beneficiaries of his IRA. It is undisputed that after his divorce to Donna, Carl rolled the proceeds of his 401(k) Plan [into IRA account number XXX817] . . . . The language . . . of the Stipulation, that Carl irrevocably designated his daughters as equal beneficiaries, is dispositive. Black's Law Dictionary defines irrevocable as "[U]nalterable; committed beyond recall." *Black's Law Dictionary* 835 (7th ed. 1999).

When the owner of an IRA retains the right to change beneficiaries, the designated beneficiary's interest is a revocable expectancy vesting only upon the owner's death. However, when the owner of an IRA waives the right to change beneficiaries by an appropriate agreement, the designated beneficiary obtains a vested contractual right that is not dependent on any community interest, and which supersedes another's community interest. When the owner of an IRA ignores a court order or contractual obligation to retain an irrevocable beneficiary, that beneficiary is entitled to recover the proceeds, even though the newly named beneficiary has a community interest in the IRA.

Barbara now appeals.

### III. Discussion.

The district court sustained the daughters' motion for summary judgment. That motion specifically requested the court establish that the changing of the beneficiary designation on IRA account number XXX817 from Carl's daughters to Barbara violated the dissolution decree. They requested the proceeds of the XXX817 account be declared as their property, in equal shares, as a matter of law, and any other relief the court deemed appropriate. Consequently, in sustaining their motion for summary judgment, the court declared the proceeds of the XXX817 account to be the daughters' property.

On appeal, Barbara asserts the district court erred in two respects. First, she argues she was not a proper party to the action and her motion for summary judgment should have been granted. Second, she maintains Carl's actions were permissible under the dissolution decree.

### A. Proper Party.

"A declaratory judgment is a type of action where the 'court declares the rights, duties, status, or other legal relationships of the parties.'" *Zimmer v. Vander Waal*, 780 N.W.2d 730, 732 (Iowa 2010) (citation omitted).

> Any person interested in an oral or written contract, or a will, or whose rights, status or other legal relations are affected by any statute, municipal ordinance, rule, regulation, contract or franchise, may have any question of the construction or validity thereof or arising thereunder determined, and obtain a declaration of rights, status or legal relations thereunder.

Iowa R. Civ. P. 1.1102; *see also Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 648 (Iowa 2013). Relief based on a declaratory-judgment petition "may be granted wherever necessary or proper," and, "[i]f the court deems the

petition sufficient, it shall, on such reasonable notice as it prescribes, require any adverse party whose rights have been adjudicated to show cause why such relief should not be granted." Iowa R. Civ. P. 1.1106. However, the court cannot adjudicate the claim unless there is "a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment." *Sierra Club*, 832 N.W.2d at 648. Still, "[t]he mere denial of interest in the case or that a controversy exists will not defeat an action for declaratory judgment." *State ex rel. Zimmerer v. Clark*, 107 N.W.2d 726, 729 (Iowa 1961). The ordinary rules of procedure apply. *See Dubuque Policemen's Protective Ass'n v. City of Dubuque*, 553 N.W.2d 603, 607 (Iowa 1996). Thus:

> A party is indispensable if the party's interest is not severable, and the party's absence will prevent the court from rendering any judgment between the parties before it; or if notwithstanding the party's absence the party's interest would necessarily be inequitably affected by a judgment rendered between those before the court.

Iowa R. Civ. P. 1.234(2).

Here, it is true that Barbara was not a party to the underlying stipulation that the district court adopted in the dissolution decree. Nevertheless, Barbara was named as a beneficiary on a retirement account Carl's daughters sought the court to declare was in violation of that decree. Clearly Barbara's right to be Carl's named beneficiary of the account was in dispute. We find Barbara was a proper party to the proceeding. *See also generally Zobrist v. Bennison*, 486 S.E.2d 815, 816-17 (Ga. 1997) (permitting "a suit against the beneficiary of a [life insurance] policy which replaced a policy which a divorce decree required the insured to maintain for the benefit of a child").

### B. *Validity of Carl's Changed Beneficiary Designation*.

Barbara also maintains Carl's actions were permissible under the decree and the law. She argues that Carl's 2011 transfer from his IRA amounts to nothing more than a lifetime withdrawal, which his divorce stipulation allowed him to do. Barbara also argues the amount that Carl withdrew from his IRA represented funds that he earned after his divorce from Donna and to which the children have no claim of right.

"A stipulation and settlement in a dissolution proceeding is a contract between the parties." *In re Marriage of Morris*, 810 N.W.2d 880, 886 (Iowa 2012) (citation omitted). When a stipulation is adopted by the district court in its dissolution decree, it is the "decree, not the stipulation, that determines what rights the parties have." *Id*. It is the court's intent "that is relevant, not the intent of the parties." *Id*.

"We interpret court decrees like any other written instrument." *TSB Holdings, L.L.C. v. Bd. of Adjustment*, 913 N.W.2d 1, 16 (Iowa 2018). A dissolution decree

> should be construed in accordance with its evident intention. Indeed the determinative factor is the intention of the court as gathered from all parts of the decree. Effect is to be given to that which is clearly implied as well as to that which is expressed. Of course, in determining this intent, we take the decree by its four corners and try to ascertain from it the intent as disclosed by the various provisions of the decree.

*In re Marriage of Goodman*, 690 N.W.2d 279, 283 (Iowa 2004) (citation omitted).

The stipulation adopted by the court unambiguously required that Carl "irrevocably designate" his daughters as the equal beneficiaries of his remaining proceeds of his 401(K) plan. It is undisputed that those funds were rolled over into

his IRA account number XXX817. In 2011, he changed the primary beneficiary designation of that account from his daughters to Barbara. This was in violation of the stipulation he agreed to and adopted by the court in its dissolution decree, wherein his daughters would be irrevocably designated as the equal beneficiaries of the retirement account. Therefore, the proceeds of account number XXX817 belong to the daughters.

Perhaps the result has the appearance of elevating form over substance, as no one disputes that Carl could have withdrawn the retirement funds during his lifetime and used them for whatever purpose he saw fit. Carl could have withdrawn the funds and given cash to Barbara. Carl could have deposited his continuing post-decree retirement contributions to some other account. He did not. Under the terms of the decree to which Carl agreed, his daughters were to be named beneficiaries of the retirement account and therefore entitled to whatever funds, if any, remained in the account upon his death. Carl's changing the account's beneficiary designation to Barbara was in violation of the decree. Therefore, the district court did not error in its summary judgment rulings.

### IV. Conclusion.

We affirm the district court's ruling sustaining Carl's daughters' motion for summary judgment and overruling Barbara's motion for summary judgment.

**AFFIRMED.**